**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50500 |
| Plaintiff - Appellee, | D.C. No. 5:07-cr-00018-VAP-1 |
| v. | |
| RICHARD MONROE HARKLESS, AKA Seal A, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted October 9, 2012
Pasadena, California

Before: TROTT, KLEINFELD, and McKEOWN, Circuit Judges.

Appellant Richard M. Harkless appeals his fraud related felony convictions

on the ground that his purported <u>Faretta</u> waiver of his Sixth Amendment right to

counsel was invalid. He alleges that his waiver was fatally defective because he

was mistakenly advised by the court, which in turn relied on information from the

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

government, that the maximum sentence he faced if convicted was only 90 years. The government now concedes that at the time of his purported <u>Faretta</u> waiver Harkless was "facing a statutory maximum sentence of 340 years." After conviction, he was given a 100 year sentence.

"In order to deem a defendant's <u>Faretta</u> waiver knowing and intelligent, the district court must insure that he understands . . . the possible penalties . . ." attached to the crimes with which he is charged. <u>United States v. Erskine</u>, 355 F.3d 1161, 1167 (9th Cir. 2004). Moreover, "[o]n appeal, the government carries the burden of establishing the legality of the waiver . . . ." <u>Id.</u>

Here, notwithstanding the district court's ambiguous comment that Harkless was facing "essentially a life sentence," this record as a whole does not demonstrate that his waiver was knowing and intelligent with respect to his understanding of potential penalties. <u>Id.</u> at 1169; <u>United States v. Forrester</u>, 512 F.3d 500, 508 (9th Cir. 2008) ("By materially misstating the applicable sentence, the court failed to fulfill its obligation to 'insure that [the defendant] understands . . . the possible penalties' . . . ." (quoting <u>Erskine</u>, 355 F.3d at 1167) (brackets and omissions in original)).

REVERSED and REMANDED.